**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SWANSON GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-171C |
| | ) | (Judge Hodges) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S UNOPPOSED MOTION TO TRANSFER AND CONSOLIDATE**

Pursuant to Rule 42(a) of the Rules of the Court of Federal Claims, plaintiff requests that the instant action, Swanson Group, Inc. v. United States, CoFC No. 05-171C, be transferred to Judge Smith and consolidated with Swanson Group, Inc. v. United States, CoFC No. 05-170C. (A courtesy copy of this motion has been provided to Judge Smith.) Counsel for defendant does not oppose this motion. Plaintiff makes this request in order to avoid unnecessary costs, duplication of effort and delay, and to ensure consistent application of the law to cases that involve virtually the same facts and legal issues.[1]

[1]On January 26, 2005, concurrent with the filing of the complaints in CoFC Nos. 05-170C and 05-171C, plaintiff filed Notices of Indirectly Related Cases in Blue Lake Forest Products v. United States, CoFC No. 01-570C, notifying Judge Williams that the two Swanson Group cases (CoFC Nos. 05-170C and 05-171C) were indirectly related to the CLR Timber Holdings case (CoFC No. 04-501C), one of the cases currently consolidated before Judge Williams with the Blue Lake Forest Products case (CoFC No. 01-570C). Counsel for plaintiff and defendant agree that the two Swanson Group cases, CoFC Nos. 05-170C and 05-171C, are closely related to each other and are appropriate for consolidation before Judge Smith. (A courtesy copy of this motion has been provided to Judge Williams).

Consolidating the instant case (No. 05-171C) with No. 05-170C now pending before Judge Smith would greatly promote judicial efficiency and consistent application of the law because of the substantial overlap in common issues of fact and law between both cases. See, e.g., Karuk Tribe of California v. United States, 27 Fed. Cl. 429, 433 (1993) (a primary objective of consolidation is to prevent separate actions from producing conflicting results, which can occur when cases require judicial determinations of the same facts).

CoFC Nos. 05-170C and 05-171C involve the same plaintiff (Swanson Group), the same defendant (the United States Forest Service) and timber sales in the same national forest (the Umpqua National Forest in Oregon) administered by the same contracting officer. Both sales involve virtually identical allegations that the Forest Service breached the timber sale contracts by suspending operations under the contracts as a result of the invalidation of biological opinions in the wake of a series of connected federal court decisions, i.e., Pacific Coast Federation of Fisherman's Association, et al. v. National Marine Fisheries Service, No. 97-CV-775, 1998 WL 1988556 (1998); Pacific Coast Federation of Fisherman's Association v. NMFS, No. C99-67R (1999); and Pacific Coast Federation of Fisherman's Association v. NMFS, No. C00-1757R (2000), issued by Judge Rothstein of the Western District of Washington. Both timber sale contracts are on the same standard 2400-6 type form and involve all the same pertinent terms and conditions. The key issue of Forest Service liability in each case is the same and although the damages are different in some respects, these cases involve the same plaintiff and the same or

overlapping time periods. The Swanson Group is represented by the Gary G. Stevens of the law firm of Saltman & Stevens, P.C. and the defendant is represented by same counsel of record in each case, Lindsay Williams of the Department of Justice.

Both Swanson Group cases have just recently been filed, and the defendant has not yet filed an Answer. Whether these two cases are resolved on cross-motions for summary judgment or go to trial, the evidence in these cases will likely overlap substantially and involve many of the same events, witnesses and documents. Accordingly, the transfer of the instant case (No. 05-171C) to Judge Smith for consolidation with No. 05-170C would greatly promote judicial efficiency, ensure correct application of the law and avoid duplication of effort by the parties and the Court.

For each of the foregoing reasons, this motion to transfer and consolidate should be granted.

Respectfully submitted,

s/Gary G. Stevens

SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

OF COUNSEL:

Alan I. Saltman
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: May 6, 2005